IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
VIRGINIA CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 3:23-CR-00009 |
| ELLIOTT SIMON ATWELL | |

**PROTECTIVE ORDER**

Upon review of the Unopposed Motion for Entry of a Protective Order by the Government ("the Motion"), and pursuant to Federal Rule of Criminal Procedure 16(d)(1) and 18 U.S.C. §§ 3509(d) & 3771, the Court finds that good cause has been established to enter the proposed Protective Order concerning the use, dissemination, and disposition of discovery material in the above-captioned case. The Court accordingly grants the Motion and hereby ORDERS the following:

1. All of the materials and information provided by the United States in preparation for, and in connection with, any stage of the proceedings in the case (collectively, "the Materials," further described herein) are subject to this Order and may be used by defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The Materials include all information provided by the United States in connection with discovery, regardless of form, that pertain to the victim, victim's family, or other third parties, and include information provided physically,

electronically, or orally, but do not include materials or information related solely to the defendant.

2. Defense counsel may not disclose the Materials or their contents directly or indirectly to any person or entity other than the defendant or an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure.

3. Defense counsel shall not copy or reproduce the Materials except in order to provide copies of the Materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Materials. The defendant and authorized persons may be shown copies of the Materials as necessary to prepare the defense but may not retain copies without prior permission of the United States or the Court.

4. Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Materials.

5. Before providing the Materials to the defendant or an authorized person, defense counsel must provide the defendant or authorized person with a copy of this Order.

6. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7.      Upon conclusion of all stages of this case, the Materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such Materials.

8.      To the extent any of the Materials is produced by the government to defense counsel by mistake, the government shall have the right to the return of such Material and shall request any such return in writing. Within five days of the receipt of a request to return such Material, defense counsel shall return all such Material if in hard copy, and in the case of electronic Material, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such Material if such Material is discoverable in this case.

9.      Absent prior permission from the Court, any of the content of the Material that could be used to identify the victim or minor witnesses shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1 and Local Rules, as well as with any further redactions that are necessary to comply with 18 U.S.C. §§ 3509(d) and 3771(a)(8).

10.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

11. This Protective Order amends the previous Order filed on May 24, 2023. ECF No. 9.

**So ordered** this 22nd day of June, 2023.

_____
~~NORMAN K. MOON~~
~~SENIOR UNITED STATES DISTRICT JUDGE~~
Joel C. Hoppe
U.S. Magistrate Judge